U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR 1 8 2014

CLERK, U.S. DISTRICT COURT
By_____
　　　　　Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

G.M., by and through his next　§
friend, CARMEN LOPEZ,　　　　　 §
　　　　　　　　　　　　　　　　§
　　　　　Plaintiff,　　　　　　§
　　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　　§　NO. 4:14-CV-019-A
　　　　　　　　　　　　　　　　§
ALEDO INDEPENDENT SCHOOL　　　 §
DISTRICT AND RON SHELTON,　　　§
　　　　　　　　　　　　　　　　§
　　　　　Defendants.　　　　　 §

## MEMORANDUM OPINION
## and
## ORDER

Before the court for consideration and decision is the
motion of defendants, Aledo Independent School District ("AISD")
and Ron Shelton ("Shelton"), for dismissal for failure to state a
claim against either of them upon which relief may be granted.
After having considered such motion, the response thereto of
G.M., by and through his next friend, Carmen Lopez ("Lopez"),
("plaintiff"), defendants' reply, plaintiff's complaint, and
pertinent legal authorities, the court has concluded that such
motion should be granted as to all but the state law claims
against AISD.

I.

## Background, and the Allegations of Plaintiff's Complaint

The above-captioned action is before this court by reason of
a withdrawal of the reference from the bankruptcy court and a
severance of the action as it now exists from causes of action

asserted by plaintiff in the bankruptcy court against other parties.  G.M., by and through his next friend, Lopez, is plaintiff, and AISD and Shelton are defendants in this severed action.  The court refers the reader to the January 22, 2014 order in this action for the procedural history related to the withdrawal of the reference and severance.  Supplementing that history, plaintiff's complaint was filed August 8, 2012, when the action was pending against AISD, Shelton, and the other parties as Case No. 4:12-CV-559-A on the docket of this court.  On January 14, 2013, Case No. 4:12-CV-559-A was transferred to the bankruptcy court by reason of the filing by one of the defendants, Terry Lynn Ford, of a petition under Chapter 13 of the United States Bankruptcy Code.

In summary form, the allegations in the complaint directed against AISD and Shelton are as follows:

AISD operates Stuard Elementary School ("Stuard"), which is located in Aledo, Parker County, Texas.  Shelton is principal of Stuard.

G.M., whose mother is Lopez, is a fourth-grade student at Stuard, and has been a student at Stuard since he was in kindergarten.  He has been the subject of harassment by T.F., a fellow student, on the premises of Stuard.  The harassment has included taunting, teasing, bullying, and physical assault, all

to such a degree that G.M. has suffered physical injury, emotional trauma, anxiety, depression, and social withdrawal.

Plaintiff and his mother repeatedly contacted and discussed with teachers and administrators of Stuard T.F.'s harassment of G.M. and the effect that the harassment was having on G.M.  Even though AISD has been aware of the harassment suffered by G.M. and has known that T.F. was the perpetrator of the harassment, AISD has taken no corrective action, or took insufficient action, or participated themselves in the harassment, all contrary to the written policies of AISD and applicable state and/or federal law. The harassment suffered by G.M. has interfered with his educational environment and deprived him of the educational opportunities and benefits provided by AISD.

In response to the harassment, teachers and/or administrators have not only been indifferent to the complaints of G.M. and Lopez, but have increased the danger that G.M. would be exposed to further harassment by punishing G.M. for attempting to defend himself, while imposing no punishment on T.F., and by informing G.M.'s classmates that they had a shorter recess due to the complaints made by G.M. and Lopez.  "Defendants have condoned student on student physical harassment and bullying in the past, displaying a propensity to down play the acts, blaming the victims, inadequately investigating the allegations and

3

minimizing the severity of the acts by taking little or no
punitive sanction against perpetrators to the point of violating
their own policies and state and federal law."  Compl. at 4,
¶ 24.

Based on the facts alleged, as summarized above, G.M.
alleged four causes of action that are pertinent to this
memorandum opinion.  Stated briefly, as alleged those causes of
action were as follows:

First, G.M. asserted what is referred to in the complaint as
a "Civil Rights Violation under 42 U.S.C. § 1983 (Monell Claim)."
Id. at 4.  Plaintiff alleged that "the actions of Defendants
resulted from, and were taken, pursuant to a de facto policy of
Defendant school district."  Id. at 4, ¶ 27.  The existence of
such a de facto policy has been known to the "supervisory and
policy making officers and officials of said Defendants for a
substantial period of time."  Id., ¶ 28.  Notwithstanding their
knowledge of such de facto policy, the supervisory and policy-
making officials have not taken steps they should have taken.
"G.M. has a clearly established right to equal access to all
benefits and privileges of a public education and a right to be
[free] from offensive harassment in school."  Id. at 5, ¶ 30.
The actions and omissions by defendants were deliberate and
intentional, resulting in violations of G.M.'s rights to equal

protection and due process, all in violation of the Fourteenth
Amendment to the United States Constitution.  "Defendants'
actions exhibit deliberate indifference to and/or reckless
disregard for the constitutional rights of G.M.," id. at 5, ¶ 32,
causing him to sustain damages.

The second cause of action alleged by plaintiff, which is
headed "Civil Rights Violation, Equal Protection," appears to be
a restatement of the equal protection aspect of plaintiff's first
cause of action.  There is some indication in the language used
in the second cause of action that G.M. also intended to restate
the due process claim he alleged in his first cause of action,
this time asserting that he was deprived of "his rights,
privileges and immunities secured to [him] by the Fifth and
Fourteenth Amendment[s] to the United States Constitution," to
his damage.  Id. at 6, ¶ 38.

The third cause of action is titled "Negligent Hiring,
Training, & Supervision (Aledo Independent School District
("Aledo"))."  Basically, plaintiff complained by this cause of
action that AISD has breached duties it had not to hire
individuals with a propensity toward committing unlawful acts
against others and to protect the public, such as G.M., from
illegal actions of its own agents, officers, and employees, and

others, and to adequately train and supervise its agents, officers, and employees.

The fourth cause of action, titled "Intentional and Negligent Infliction of Severe Mental Distress (Aledo Independent School District ("Aledo"))," appears to be a state law cause of action seeking recovery from "Defendants" of damages allegedly resulting from harm and distress suffered by G.M. "[a]s a result of Defendants' intentional and negligent conduct and omissions." Id. at 7, ¶ 48.

II.

<u>Standards Applicable to Rulings
on Defendants' Motion to Dismiss</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

of action.  Id. at 555 & n.3.  Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible.  Id.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient.  Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

III.

Analysis

A.   The Allegations Against Shelton are Insufficient to State a
     Claim

So far as the court can tell, the only allegation in the complaint specific to Shelton is the allegation in paragraph 6 on page 2 that he is the principal of Stuard and that he is being

7

sued individually and in his official capacity as principal.  The court cannot find mention of Shelton in any other part of the complaint.  Several times, allegations were made that "Defendants" did or failed to do something, but there is no way to determine from the allegations of the complaint if those allegations made reference to Shelton.  The meaninglessness of the use in the allegations of the word "Defendants" is illustrated by the allegations in the First, Third, and Fourth causes, which obviously were intended to be directed against AISD.  Yet, the word "Defendants" was used in describing the conduct of AISD in each of those alleged causes of action.

No facts are alleged in the complaint which, if accepted as true, would enable the court to conclude that the complaint states a plausible claim of relief against Shelton.  Therefore, the court has concluded that the complaint fails to state a claim against Shelton upon which relief may be granted.

To the extent Shelton has been sued in his official capacity, the court is treating those claims to be claims against his employer, AISD.  The court does not decide the issue raised by Shelton and AISD that plaintiff has failed to allege facts that would overcome Shelton's qualified immunity status or his state law immunity status.  However, the court's tentative thought is that the allegations of the complaint are insufficient

for that purpose. See Reyes v. Sazan, 168 F.3d 158, 161 (5th

Cir. 1999).

B.    Plaintiff's Pleadings Against AISD Also are Deficient

      1.   The Allegations of a Pertinent Official Policy of AISD
           are Insufficient

A governmental entity, such as AISD, can be subjected to

monetary damages or injunctive relief only if one of its official

policies caused a person to be deprived of a federally protected

right. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

AISD cannot be held liable under a theory of respondeat superior

or vicarious liability. Id. at 694.

      The Fifth Circuit has been explicit in its definition of an

"official policy" that can lead to liability on the part of a

governmental entity, giving the following explanation in an

opinion issued en banc in response to a motion for rehearing in

Bennett v. City of Slidell,

> A municipality is liable under § 1983 for a
> deprivation of rights protected by the Constitution or
> federal laws that is inflicted pursuant to official
> policy.
>
> Official policy is:
>
> 1.   A policy statement, ordinance,
> regulation, or decision that is officially
> adopted and promulgated by the municipality's
> lawmaking officers or by an official to whom
> the lawmakers have delegated policy-making
> authority; or

2.   A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984)(per curiam).

"Texas law is clear that final policymaking authority in an independent school district . . . rests with the district's board of trustees."  Jett v. Dallas Indep. Sch. Dist., 7 F.3d 1241, 1245 (5th Cir. 1993).  Plaintiff alleged that the actions of which he and Lopez complain were "contrary to the written policies of Aledo Independent School District."  Compl. at 3, ¶ 21.  Presumably that allegation has reference to policies established by AISD's board of trustees.  Thus, plaintiff has affirmatively pleaded that the first alternative to the establishment of an official policy, as expressed in Bennett, does not exist in this case.

Plaintiff seems to have attempted to bring his claim within the scope of the alternative method expressed in Bennett for establishment of an official policy by his allegations that the

actions of which he complains were taken pursuant to a <u>de facto</u> policy.  To that end, plaintiff alleged:

> 27.   The actions of Defendants resulted from, and were taken, pursuant to a <u>de facto</u> policy of Defendant school district, which is implemented by the Superintendent, Principals, Assistant Principals, Board members, and other employees of the said Defendants, all acting under the color of law, who choose to violate Plaintiff's constitutional rights, without rightful authority of law.

> 28.   The existence of the <u>de facto</u> policy described above has been known to supervisory and policy making officers and officials of said Defendants for a substantial period of time.

> 29.   Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the said Defendants have not taken steps to determine the said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained the Superintendent, Principals, Assistant Principals, Board members, and other employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described therein.

Compl. at 4-5, ¶¶ 27-29.

Notably absent from plaintiff's complaint is any allegation that the majority of the board of trustees of AISD were aware of the conduct of which plaintiff complains, approved of that conduct, or intended that such conduct represent the policy of AISD acting through its board of trustees.  Moreover, plaintiff's pleading lacks the factual particularity that would be required

11

for there to be a meaningful allegation of an official policy established by custom or practice.  The allegations relative to the claimed "de facto" policy are purely conclusory, with no facts alleged that would define such a policy, much less show that it can be attributed to AISD's governing board of trustees. Conclusory allegations of "customs, practices, or procedures" are not sufficient.  See Spiller v. City of Tex. City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997).  Nor is there any suggestion that what plaintiff refers to as a "de facto" policy was a course of action consciously chosen by the AISD board of trustees among various alternatives.  In City of Okla. City v. Tuttle, the Supreme Court explained, in a case in which a municipal policy was claimed to be established by custom, that "the word 'policy' generally implies a course of action consciously chosen from among various alternatives."  471 U.S. 808, 823 (1985).

For the reasons explained above, the court cannot infer from the allegations of the complaint that the complaint states a plausible claim for relief against AISD under the Constitution or laws of the United States inasmuch as it does not allege facts that, if believed, would support the conclusion that any violation of plaintiff's rights protected by the Constitution or laws of the United States was inflicted pursuant to official policy of AISD, or that any of the actions of the employees of

AISD of which plaintiff complains were done in the execution of an official policy of AISD.  Therefore, the motion to dismiss must be granted as to all claims asserted against AISD under the Constitution or laws of the United States.

Having decided to rule in favor of AISD on the basis of the threshold "official policy" issue, the court is not devoting attention to a discussion of the other reasons why AISD contends that the complaint fails to state claims against it under the Constitution or laws of the United States.

C.   The Court is Not Granting Leave for Plaintiff to File an Amended Complaint

Plaintiff puts at the very end of their opposition to the motion to dismiss an informal request that "in the event that this Court is inclined to grant any portion of Defendants' motion, Plaintiffs request leave to amend the Complaint."  Such an afterthought request for leave to amend fails to comply with the requirements of the Local Civil Rules of this court.  Rule LR 5.1(c) requires that any document that contains more than one motion "must clearly identify each included . . . motion . . . in its title."  The title of plaintiff's opposition to the motion to dismiss, "Opposition to Motion to Dismiss for Failure to State a Claim," makes no mention of an included motion for leave to amend plaintiff's complaint.  Moreover, Rule LR 15.1 of the Local Civil

Rules of this court requires that when a party files a motion for leave to file an amended pleading, the filing party must attach a copy of the proposed amended pleading as an exhibit to the motion and must submit with the motion the original and a copy of the proposed pleading.  Plaintiff did neither of those things.

If plaintiff thought it could allege facts that would cure his pleading defects, and if he seriously wished to file an amended complaint alleging those facts, he has known since January 2013, when Shelton and AISD filed their motion to dismiss, that he should take steps to cause an amended pleading to be filed.  The reasons given by the Fifth Circuit for upholding denial of the request for leave to amend in <u>Spiller</u>, 130 F.3d at 167, apply as additional reasons why this court is not allowing plaintiff leave to amend.

D.   <u>The Court is Declining to Exercise Supplemental Jurisdiction Over Whatever State Law Claims Plaintiff Purports to be Asserting Against AISD in His Complaint</u>

Having determined to dismiss all claims alleged by plaintiff against Shelton and all claims alleged by plaintiff against AISD under the Constitution and laws of the United States, the court is exercising the discretion given to it by 28 U.S.C. § 1367(c)(3) to decline to continue to exercise supplemental jurisdiction over whatever state law claims plaintiff purportedly has alleged against AISD.

IV.

Order

For the reasons stated above,

The court ORDERS that the motion to dismiss of AISD and Shelton is granted as to all claims and causes of action alleged by plaintiff against Shelton and all claims and causes of action alleged by plaintiff against AISD under the Constitution or laws of the United States.

The court further ORDERS that all claims and causes of action alleged by plaintiff against Shelton be, and are hereby, dismissed.

The court further ORDERS that all claims and causes of action alleged by plaintiff against AISD under the Constitution or laws of the United States be, and are hereby, dismissed.

The court further ORDERS that all claims and causes of action alleged by plaintiff against AISD under the laws of the State of Texas be, and are hereby, dismissed without prejudice to the refiling of such claims in a court of the State of Texas.

SIGNED March 18, 2014.

JOHN McBRYDE
United States District Judge

15